IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

Sharon Brown
Mailing Address: 4938 Hampden Lane #108
                    Bethesda, MD 20814
Pro Se Plaintiff,

vs.

Case Number: 450924V

Intercontinental Capital Group (ICG)
265 Broadhollow Road, 4th Floor
Melville, NY 11747
Nationwide Mortgage Licensing System
(NMLS) ID 60134, and

COMPLAINT FOR:

(1) BREACH OF FIDUCIARY DUTY;

AND

Mr. Dustin Dimisa, as CEO/President of ICG
Defendant

(2) PRELIMINARY INJUNCTIVE
    RELIEF

Ms. Jennifer DeModna
Senior Vice President
Defendant

Mr. Todd Adwar
VP of Corporate Sales
InterContinental Capital Group
265 Broad Hollow Road, 4th Floor – Suite 401
Melville, NY 11747
Defendant

RECEIVED
JUL 06 2018
Clerk of the Circuit Court
Montgomery County, Md.

Mr. Ronnie Solomon
Branch Manager, NMLS 227027
InterContinental Capital Group
155 Water St, Suite #229
Brooklyn, NY 11201
Defendant

AND

TMS – The Money Store Inc.
Attn: Customer Care Escalations
500 South Broad St. Suite 100A
Meriden, CT 06450
Defendant(s)

## COMMENCEMENT OF ACTION

NOW COMES the Plaintiff, Sharon Brown who respectfully submits this Commencement of Action for Preliminary Injunctive Relief against defendant(s) The Money Store (TMS) ordering TMS to the offset One Hundred and Seventy Nine ($179.00) per month from 30 years or 360

months (totaling $64,440.00) monthly mortgage payments (including payment of both Montgomery County real estate taxes and homeowners insurance) and a Complaint against defendant(s) the International Capital Group and Mr. Dustin Dimisa, as CEO/President; Ms. Jennifer DeModna, as Senior Vice President; Mr. Todd Adwar, as VP of Corporate Sales; Ronnie Solomon, as Branch Manager for violations of the Truth In Lending Act (TILA); Maryland Code Commercial Law; Title 13 Consumer Protection Act: Subtitle 3 – Unfair or Deceptive Trade Practice and the Obligation of good faith, MD Comm L Code § 1-304.

## PUBLIC INTEREST

1. Economic stabilization and competition is strengthened by uniformed use of credit by consumers (Title I of the Consumer Credit Protection Act and 12 C.F.R. Part 226). In the interest of justice, it is requested that the court consider a statement from former member of the Board of Governors of the Federal Reserve System of the United States, Professor at the University of Chicago, and visiting scholar at the Securities and Exchange Commission (SEC), Randall Kroszer who said "Creditors who cannot or will not act fairly and ethically have no place in the mortgage market. Unfair and deceptive practices harm consumers and the integrity of the home mortgage market." This action is pursuant to the Maryland Code Commercial Law; Title 13 Consumer Protection Act; Subtitle 3 – Unfair or Deceptive Trade Practice and the Obligation of good faith, MD Comm L Code § 1-304 (2013). Additionally, the willful and knowing violation of the Truth in Lending Act (TILA) permit criminal penalties and entitle the plaintiff to cash compensation and/or offsets (reductions) of a mortgage loan balance.

## JURISDICTION AND VENUE

2. This action is brought for Sharon Brown, a resident and real property owner of Montgomery County, Maryland pursuant to the provision of the Maryland Code Commercial Law; Title 13 Consumer Protection Act and Unfair or Deceptive Trade Practice and the Obligation of Good Faith, MD Comm L Code § 1-304(2013). Every contract or duty within the Maryland Uniform Commercial Code imposes an obligation of good faith in its performance and enforcement

3. Venue for this action properly lies in Montgomery County, Maryland governed by MD Rule 15-501(a) through 15-505. The Maryland Circuit Courts have original jurisdiction in all civil cases within the county and may be conferred to another tribunal. The value of damages in this case is above the minimum threshold of Twenty thousand dollars ($20,000)

## PARTIES

4. Plaintiff, Sharon Brown is a resident of Montgomery County, Maryland; who resides at the subject property located at 215 Shaw Avenue, Silver Spring, Maryland 20904. Ms. Brown is a service-disable veteran eligible for a VA Loan. Ms. Brown purchased 215 Shaw Avenue, Silver Spring, Maryland in November, 2011 and is the sole owner of the real property. On or about 2016 Ms. Brown requested a cash out refinance using the mortgage servicer know as Intercontinental Capital Group.

5. Defendant, Intercontinental Capital Group, Inc. ("ICG") is a New York mortgage lender with offices in Bohemia, New York, its President, Dustin DiMisa, and Chief Executive Officer. Its Nationwide Mortgage Licensing System (NMLS) ID is 60134. This firm is headquartered in New York, is a direct mortgage lender specializing in home financing for residential properties. The firm is licensed to conduct business in several states, including Maryland.

6. Defendant, The Money Store Inc. (TMS) is a U.S. residential mortgage-lending brand owned by MLD Mortgage, Inc. MLD Mortgage Inc. is doing business as "The Money Store". Its NMLS ID is 1351254. The Plaintiff received a surprise letter from this mortgage servicer stating that it is the new servicer even while the Plaintiff's dispute action with ICG is unresolved. TMS is sued in the capacity that it is an intentional accomplice in violation of the Truth in Lending Act (TILA).

7. For the purposes of this Complaint for Injunctive and Other Relief, any references to acts and practices of International Capital Group (ICG) and TMS shall mean that such acts and practices are by and through the acts of ICG and TMS officers, owners, members, directors, employees, salespersons, and representative and/or other agents.

8. The defendant, Dustin DeMisa is sued individually and in his capacity as CEO and President of Intercontinental Capitol Group.

9. The defendant, Jennifer DeModna is sued individually and in her capacity as Senior Vice President at International Capital Group. The defendant directed, controlled, and had knowledge of the acts and practices of Defendant ICG and TMS.

10. The defendant, Todd Adwar is sued individually and in his capacity as Senior Vice President of Corporate Sales. The defendant directed, controlled and had knowledge of the acts and practices of defendant ICG and Ronnie Solomon as his subordinate.

11. The defendant, Ronnie Solomon is sued individually and formulated, controlled and had knowledge of the acts and practices of ICG and at all times relevant hereto knew the consequences of his actions.

## SUMMARY

12. Defendant ICG through its agent Ronnie Solomon engages in a pattern of conduct whereby he gains the trust of consumers by holding himself out as an objective, knowledgeable and unbiased financial services expert, when in fact his undisclosed agenda is to sell financial programs in ICG's best interest and the interest of the defendants'. On or about January, 2018 ICG closed a significantly deficient refinance mortgage for the Plaintiff, whereby ICG did not afford the Plaintiff with the lower interest of a VA mortgage and adequate cashout intended to payoff a school loan or complete intended rehab work on her residence located at 215 Shaw Ave. In an attempt to recover from the "bad" deal Plaintiff sought the assistance of Mariner Finance, a lender recognized to accommodate military service members. Mariner Finance accommodated the Plaintiff with the opportunity to use her military service benefit and included the low interest rate VA mortgage and cash out sufficient to payoff the Plaintiffs' school loan as well as make final home repairs.

## DEFENDANTS' UNFAIR AND DECEPTIVE BUSINESS PRACTICES

13. Representing the Plaintiff, Mariner Finance requested that ICG provide a timely mortgage payoff statement[1]. The Plaintiffs' closing for this activity was scheduled for Friday, February 23rd 2018. ICG, Ronnie Solomon and Todd Adwar as its assigns violated the Truth in Lending Act

---

[1] February 16th 2018, Email from Mariner Finance (Sara Gravite) to ICG Principal, Todd Adwar

(TILA), which mandates mortgage servicers and financial institutions to provide timely mortgage payoff statements, by their intentional misrepresentation and knowingly concealed or suppressed material facts with the intent that it would better profit by selling my mortgage to JP Morgan Chase in an FHA package.

14. ICG's deception, misrepresentation, and/or knowing concealment, suppression, and/or omission of any material fact is consistent with violations a case brought against ICG by Edward Newman, John Vagelatos, and Robert Schumacher, Assistant United States Attorney's for the Eastern District of New York (Release, 2015).

## VIOLATIONS

15. ICG did knowingly conceal material information to provide a timely mortgage payoff statement to Mariner Finance for the purpose of closing a VA loan violating the Title I Consumer Credit Protection Act implemented by the Federal Reserve Board (12 C.F.R. Part 226)

16. ICG deceptively sold the Plaintiffs' mortgage to TMS after telling the Plaintiff ICG would resolve and make the Plaintiff whole.

17. TMS knowingly purchased a mortgage where there is a material fact dispute.

18. Both TMS and ICG are partners in Unfair or Deceptive Trade Practice and the Obligation of good faith, MD Comm L Code § 1-304 (2013)

## DAMAGES

19. Plaintiffs' loss of an her military service member entitlement to a low interest VA mortgage loan.

20. Plaintiffs loss of funds to payoff a now severely delinquent graduate education debt estimated at more than $17,000.00 (Seventeen Thousand Dollars). As a proximal cause from ICG's breach of fiduciary duty the Plaintiff is in collections and stressed with the inability to payoff the debt.

21. When ICG deceptively sold the mortgage loan to TMS it put the Plaintiff in a position to immediately seek relief from Montgomery County Circuit Court for the abatement of $179.00 of the unresolved mortgage payments. The TMS mortgage payment while due on July 1, 2018 customarily has a 15 day grace period. Through this request for Injunctive Relief the Plaintiff is asking this Court to mandate an offset to the monthly mortgage payment where the first payment has a final due date of July 15, 2018.

22. The Plaintiff plans to retain an appropriate attorney to further these proceedings, the cost of which is expected to be applied to the defendants.

## REMEDIES

23. TILA requirements state action may be brought in any U.S. district court or in any other competent court within one year from the date on which the violation occurred. TILA can be imposed on creditors who fail to comply with specified TILA disclosure requirements. A person may recover actual damages in all cases;
- Attorneys' fees and court costs for successful enforcement and rescission actions.

- Statutory damages.(1) For individual actions, double the correctly calculated finance charge but not less than $100 or more than $1,000 for individual actions.

24. ICG breached its fiduciary duty to provide material mortgage information to Mariner Finance. ICG intentionally breached the duty to disclose a timely mortgage payoff concealing information necessary to complete a real estate transaction. Breach of duty is a tort where the remedy is the award of damages.

25. TMS knew or should have not the defect of the mortgage purchase. As a part of ordinary care in its transaction with ICG, TMS would have been informed that ($179.00) of the monthly payment or $64,440 over a period of 360 months is a dispute. The did disputed mortgage amount is a foreseeable risk of damage and TMS is negligent in purchasing the Plaintiff's mortgage from ICG. The remedy for TMS negligence is the award of damages.

26. ICG was notified by Mariner Finance that withholding the payoff information for a consumer loan is illegal. ICG ignored Mariner's and the Plaintiffs' continued requests to provide timely payoff. Section 7 of the Consumer Fraud and Deceptive Business Practices Act, provide that a State Attorney General may impose a civil penalty and entitles the State to recover cost associated with violation of this Act.

## PRAYER FOR RELIEF

WHEREFORE, the ProSe Plaintiff prays that tins honorable Court enter an Order:

A. Finding that the defendant(s) have violated the Truth in Lending Act by not providing timely payoff information for the Plaintiffs' scheduled February 23, 2018 closing.

B Finding that the defendant(s) have violated the Maryland Commercial Code which covers consumer fraud and deceptive business practice.

C Grant a preliminary injunction mandating that TMS offset the monthly mortgage by ($179.00) beginning July 2018 and until this action is resolved. Prohibit TMS from excluding any costs it is expected to pay which are related to this mortgage. (For example, TMS must pay the homeowner insurance and Maryland real estate taxes).

D. Requiring the defendant(s) to pay all costs for attorney and legal fees provided as result of TILA and Maryland Commercial Code violations.

E. Providing such other and further equitable relief as justice and equity may require.

Plaintiff's Exhibit 1

**From:** Sara Gravitte <sgravitte@marinerfinance.com>
**Sent:** Wednesday, February 21, 2018 10:47 AM
**To:** BROWN, SHARON <SHARON.BROWN@cbp.dhs.gov>; Patrick Gannon <pgannon@marinerfinance.com>
**Subject:** RE: Cancellation of Feb 20 Application with ICG - Sharon Brown

Thank you Sharon.

Any word on an ETA for the Mortgage Payoff Statement?

 **Sara Gravitte** | Mortgage Marketing Assistant
8211 Town Center Dr | Baltimore, MD 21236
P: (443) 461-0578 | F: (443) 817-0611
*Money when you need it most* marinerfinance.com

  

**From:** BROWN, SHARON [mailto:SHARON.BROWN@cbp.dhs.gov]
**Sent:** Wednesday, February 21, 2018 9:42 AM
**To:** Patrick Gannon; Sara Gravitte
**Subject:** FW: Cancellation of Feb 20 Application with ICG - Sharon Brown
**Importance:** High

[External Content] **This message is from an external source. Please exercise caution when opening attachments or links.**

FYI

**From:** BROWN, SHARON
**Sent:** Wednesday, February 21, 2018 9:39 AM
**To:** 'Todd Adwar' <tadwar@icghome.com>; 'Ronnie Solomon' <rsolomon@icghome.com>
**Subject:** RE: Cancellation of Feb 20 Application with ICG - Sharon Brown
**Importance:** High

Good morning Todd and Ronnie,

As stated in our call this morning, I find it in my best interest to close with Mariner/Carrington Mortgage Services. Mariner, the servicer, is prepared to close this Friday and need a payoff amount from ICG. More importantly, I would be at a disadvantage if ICG did not close on the following Wednesday.

Please understand, this process has been a distraction from my focus on a number of items in my professional and financial development goals. To advance my career with my current employer, I have requested a series of meetings with my DHS/CBP Senior Executives and can't afford to be further distracted. I also need to deliver on a number of impact community commitments and feel bad that I distraction has cause been fully engaged.

I apologize for the burden it's been to you and wish terms I needed could have concluded, as initially planned, early last year. Nevertheless, I really need to have this mortgage cash out refinance behind me.

I request that you please provide the Payoff information requested to Carrington Mortgage Services. Their point of contact is:

>Sara Gravitte | Mortgage Marketing Assistant
>
>8211 Town Center Dr | Baltimore, MD 21236
>
>P: (443) 461-0578 | F: (443) 817-0611


Patrick Gannon | Senior Mortgage Consultant
8211 Town Center Dr | Baltimore, MD 21236
P: (443) 461-0668 | C: (443) 336-1248 | F: (301) 542-0136
*Money when you need it most* marinerfinance.com NMLS# 181267



Regards,

*Sharon Brown,*

*Contracting Officer*

*Office of Acquisition (OA)*

*U.S. Department of Homeland Security/ Customs & Border Protection*

*Washington, DC*

*Phone: 202-344-3851*

*Email:* sharon.brown1@dhs.gov

 

"Avoid having your ego so close to your position that when your position falls, your ego goes with it." C. Powell

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _____ day of July, 2018 a copy of the foregoing Complaint for Injunctive Relief and Breach of Fiduciary Duty were mailed first class postage and emailed to:

Mr. Dustin Dimisa, CEO/ President
Intercontinental Capital Group (ICG)
265 Broadhollow Road, 4th Floor
Melville, NY 11747

Ms. Jennifer DeModna, Senior Vice President
Intercontinental Capital Group (ICG)
265 Broadhollow Road, 4th Floor
Melville, NY 11747

Mr. Todd Adwar, VP of Corporate Sales
InterContinental Capital Group
265 Broad Hollow Road, 4th Floor – Suite 401
Melville, NY 11747

Mr. Ronnie Solomon, Branch Manager
InterContinental Capital Group
155 Water St, Suite #229
Brooklyn, NY 11201

TMS – The Money Store Inc.
Attn: Customer Care Escalations
500 South Broad St. Suite 100A
Meriden, CT 06450
Defendant(s)

****************

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

| | |
|---|---|
| Sharon Brown<br>Mailing Address: 4938 Hampden Lane #108<br>Bethesda, MD 20814<br>Pro Se Plaintiff, | |
| vs. | Case Number: |
| Intercontinental Capital Group (ICG)<br>265 Broadhollow Road, 4th Floor<br>Melville, NY 11747<br>Nationwide Mortgage Licensing System<br>(NMLS) ID 60134, and | COMPLAINT FOR:<br><br>(1) BREACH OF FIDUCIARY DUTY;<br><br>AND |
| Mr. Dustin Dimisa, as CEO/President of ICG<br>Defendant | (2) PRELIMINARY INJUNCTIVE<br>      RELIEF |
| Ms. Jennifer DeModna<br>Senior Vice President<br>Defendant | |
| Mr. Todd Adwar<br>VP of Corporate Sales<br>Defendant | |
| Mr. Ronnie Solomon<br>Branch Manager, NMLS 227027<br>InterContinental Capital Group<br>155 Water St, Suite #229<br>Brooklyn, NY 11201<br>Defendant | |
| AND | |
| TMS – The Money Store Inc.<br>Attn: Customer Care Escalations<br>500 South Broad St. Suite 100A<br>Meriden, CT 06450<br>Defendant(s) | |

## ORDER

UPON CONSIDERATION of Complaint for Breach of Duty and Preliminary Injunctive Relief and for good caus and any opposition thereto, it is this _____ day of _____, 2018, by the Circuit Court for Montgomery County Maryland, hereby

ORDERED that the Motion for Preliminary Injunctive Relief is hereby GRANTED, and it is further ORDERED that

A. Finding that the defendant(s) have violated the Truth in Lending Act by not providing timely payoff information for the Plaintiffs' scheduled February 23, 2018 closing.

B Finding that the defendant(s) have violated the Maryland Commercial Code which covers consumer fraud and deceptive business practice.

C Grant a preliminary injunction mandating that TMS offset Plaintiffs' monthly mortgage by ($179.00) beginning July 2018 and until this action is resolved. Prohibit TMS from excluding any costs it is expected to pay which are related to this mortgage. (For example, TMS must apportion payments for the homeowner insurance and Maryland real estate taxes)

D. Requiring the defendant(s) to pay all costs for attorney and legal fees provided as result of TILA and Maryland Commercial Code violations.

E. Providing such other and further equitable relief as justice and equity may require.

_____
Judge